IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC BRIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-562-GPM |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion of Plaintiff Isaac Briggs for leave to proceed in forma pauperis ("IFP") in this case (Doc. 3) and for service of process at government expense (Doc. 5). Briggs brings this case pro se pursuant to 42 U.S.C. § 405(g) seeking reversal of a final administrative decision of Defendant Commissioner of Social Security ("Commissioner") denying Briggs's claim for benefits under the Social Security Act, 42 U.S.C. § 401 *et seq*. Briggs seeks leave to proceed IFP without prepayment of the Court's ordinary filing fee of $350 for a civil action. *See* 28 U.S.C. § 1914(a). A federal court may permit an indigent person to bring a suit without prepayment of fees or the giving of security therefor upon presentation of an affidavit stating the assets of the applicant for leave to proceed IFP together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Court may authorize a plaintiff to proceed IFP if he or she demonstrates an inability to pay the required fees and that the plaintiff's action is neither frivolous nor malicious. *See Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1988). The "privilege to proceed without posting security for costs and

fees is reserved to the many truly impoverished litigants, who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The essential test of whether leave to proceed IFP should be granted is whether an applicant for leave to proceed IFP will be compelled to forego basic human needs if required by a court to pay the ordinary filing fee in a case. *See Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982). Briggs has tendered to the Court an affidavit that is correct as to form in support of his request for IFP status. Also, it does not appear to the Court that this action is frivolous or malicious. Further, Briggs's affidavit shows that he is indigent. According to the affidavit, Briggs is unemployed and receives food stamps from the government. He has no savings and no assets, and his income appears to consist of small gifts from family and friends and his churce. Additionally, Briggs has rental expenses of $260 per month, is partly responsible for the support of a teenage son, and owes the government $2,500 in student loan debt. In light of the foregoing circumstances, Briggs's motion for leave to proceed IFP (Doc. 3) is **GRANTED**, and the $350 filing fee for this action is **WAIVED**. Because the Court grants Briggs leave to proceed IFP, Briggs's motion for service of process at government expense (Doc. 5) also is **GRANTED**. *See* Fed. R. Civ. P. 4(c)(3) (providing that if a person is granted leave to proceed IFP, a court "must" order service at government expense). The United States Marshals Service is directed to serve a copy of Briggs's complaint on the Commissioner.

    **IT IS SO ORDERED.**

    DATED: June 30, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge
