IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC BRIGGS, a/k/a<br>JOSEF DUPREE, IDOC No. B73562<br><br>   Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security<br><br>   Defendant. | )<br>)<br>)<br>)<br>)   CIVIL NO. 11-562-GPM<br>)<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

   Plaintiff Isaac Briggs, acting *pro se*, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final agency decision denying him social security benefits. As of this date, Plaintiff has failed to file a brief as required by the briefing schedule initially set by the Court on June 19, 2012 (Doc. 19). On October 23, 2012, Magistrate Judge Clifford J. Proud ordered Plaintiff file his brief on or before December 17, 2012 (Doc. 26). This time came and passed and yet there was no brief submitted by Plaintiff. On January 16, 2013, Magistrate Judge Proud again gave Plaintiff the opportunity to submit his brief on or before February 25, 2012 (Doc. 34).

   This time has come and gone and Plaintiff has failed to file his brief. Rather, Plaintiff now asks the Court to stay this case or enter an order compelling the prison law librarian to explain why he is depriving Plaintiff of materials (*See* Doc. 35).

Judge Proud's order clearly advised Plaintiff of the consequences of inaction. Indeed, on two separate occasions the Court informed Plaintiff that a failure to file his brief in a timely manner may result in sanctions or dismissal of this case (*See* Docs. 26, 34).

Federal Rule of Civil Procedure 16(f) provides that the Court may sanction a party for failing to obey a pretrial order. Rule 16(f) incorporates the sanctions provisions of Federal Rule of Civil Procedure 37(d). Thus, it is clear that the Court has the authority to impose sanctions, including dismissal, for failure to obey the Court's previous two Orders.

This Court gave Plaintiff the "warning shot" required by *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). Plaintiff failed to obey that order and has failed to diligently prosecute his case. Therefore, this case is **DISMISSED with prejudice**. Plaintiff's motion to stay (Doc. 35) is **DENIED** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED**:  March 7, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge