IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC BRIGGS, a/k/a Joseph Dupree, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11–cv–0562–MJR–CJP |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# ORDER

**REAGAN, District Judge:**

Filing *pro se* in June 2011, Plaintiff Isaac Briggs sued for judicial review of a final agency decision denying him social security benefits. After Plaintiff missed two briefing deadlines, and after multiple warnings that failure to prosecute his case would result in dismissal, Judge G. Patrick Murphy dismissed the case with prejudice on March 7, 2013. Plaintiff sought to appeal *in forma pauperis* ("IFP"), and on May 29, 2013, Judge Murphy denied his request without prejudice. Plaintiff's motion for leave to appeal IFP was denied because he failed to attach an affidavit of poverty as required by 28 U.S.C. § 1915. Judge Murphy directed the Clerk of Court to send Plaintiff the District's form Motion and Affidavit to Proceed on Appeal Without Prepaying Fees or Costs.

Plaintiff appealed to the Seventh Circuit Court of Appeals, and on November 18, 2013, the court above stayed the appeal only to the extent that Plaintiff "shall file a renewed motion to proceed on appeal [IFP] with the district court no later than December 18, 2013." (Doc. 47-1, 4). Plaintiff has now filed his renewed motion for leave to proceed IFP on appeal, and that motion is now before the Court.

1

Plaintiff has again failed to file the district's form motion, instead relying on a handwritten motion and affidavit in which he asks for alternative relief: (1) to reverse the dismissal of his case pursuant to Federal Rule of Civil Procedure 60(b), or (2) to allow him to proceed IFP under the "good-faith" doctrine. Neither form of relief is warranted here. By filing his Notice of Appeal, Plaintiff has ensured the undersigned has no authority to grant rule 60 relief: such a filing "is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." **U.S. v. Brown, 732 F.3d 781, 787 (7th Cir. 2013) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). *See also id.* ("an action taken by the district court without jurisdiction is a nullity") (internal citation and quotation marks omitted).**

Nor does the "good-faith" doctrine avail Plaintiff. An appeal may not be taken IFP if the trial court certifies in writing that it is not taken in good faith. **28 U.S.C. § 1915(a)(3). *See also Walker v. O'Brien*, 216 F.3d 626, 630–31 (7th Cir. 2000).** Determining an appeal is in good faith requires a court finding that a reasonable person could suppose that the appeal has some merit. ***Walker*, 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)).** Bad faith, on the other hand, means that a party has appealed on a frivolous theory, one that "no reasonable person could suppose to have any merit." ***Lee*, 209 F.3d at 1026. *See also Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013) ("bad faith . . . despite lay usage has been understood to mean objective frivolousness.").** Plaintiff lost his social security appeal because he failed to prosecute his case and—despite two overt warnings—missed his briefing deadlines. The undersigned concludes (and Plaintiff does not argue otherwise) that an appeal from such a dismissal is frivolous.

Plaintiff's renewed Motion to Appeal *In Forma Pauperis* (**Doc. 47**) is accordingly **DENIED**. Plaintiff should note that he has 30 days from service of this Order to file a motion to proceed on appeal IFP in the Court of Appeals.  **FED. R. APP. P. 24(a)(5)**.

**IT IS SO ORDERED.**

**DATE: December 30, 2013**                    s/ *Michael J. Reagan*
                                                                **MICHAEL J. REAGAN**
                                                                United States District Judge